# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

| | |
|---|---|
| ERIC LaSHAWN DEMERY, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | CV216-122 |
| ) | CR214-014 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

After pleading guilty to conspiracy to possess with intent to distribute cocaine, cocaine base, and "Molly," all Schedule I or Schedule II controlled substances, doc. 216[1] (plea agreement); doc. 293 (judgment for 151 months' imprisonment), Eric LaShawn Demery took no appeal. He now moves under 28 U.S.C. § 2255 to reduce his sentence in light of a November 1, 2015 amendment to the Sentencing Guidelines' "mitigating role" adjustment. *See* doc. 85; U.S.S.G. § 3B1.2. Preliminary § 2255 Rule 4 review shows that his motion must be **DENIED**.

Judgment was entered on February 18, 2015, making Demery's conviction final fourteen days later. Fed. R. App. P. 4(b)(1)(A)(i)

---

[1] The Court is citing to the criminal docket in CR214-014 unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

(defendants must notice their appeals within 14 days from the entry of judgment). He then had until March 3, 2016 (one year later) to seek § 2255 relief. 28 U.S.C. § 2255(f).[2] He did not signature-file the present § 2255 motion, however, until August 19, 2016 -- over five months too late. Doc. 357. Movant offers no explanation for his failure to timely file his § 2255 motion.

Though the statute of limitations "can be equitably tolled where a petitioner untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence," *Kicklighter v. United States*, 281 F. App'x 926, 930 (11th Cir. 2008) (quoting *Outler v. United States*, 485 F.3d 1273, 1280 (11th Cir. 2007)), this is not such a case. Demery has not demonstrated either the existence of "extraordinary circumstances" that prevented his timely

---

[2] As described in the statute, the one-year limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

filing the petition, *Wakefield v. R.R. Ret. Bd.*, 131 F.3d 967, 970 (11th Cir. 1997) (neither a litigant's *pro se* status nor ignorance of the law normally warrants equitable tolling), or that he diligently pursued relief. *See Diaz v. Sec'y for Dep't of Corr.*, 362 F.3d 698, 702 (11th Cir. 2004) ("equitable tolling is available only if a petitioner establishes *both* extraordinary circumstances and due diligence"). Hence, Demery's motion is time-barred unless he can show an exception, like a new rule of law retroactively available to him. *See* 28 U.S.C. § 2255(f).

Nothing in Amendment 794, however, entitles him to resentencing. That amendment merely "clarified the factors to consider for a minor-role adjustment" -- it did not substantively change § 3B1.2. *United States v. Casas*, 632 F. App'x 1003, 1004 (11th Cir. 2015). Indeed, the Sentencing Commission specifically explained that Amendment 794 is intended *only* as a clarifying amendment. U.S.S.G. Supp. App. C, Amend. 794 (Reason for Amend.) ("This amendment provides additional guidance to sentencing courts in determining whether a mitigating role adjustment applies").

"The threshold inquiry," therefore, "is whether [Demery's] claim that his sentence is contrary to a subsequently enacted clarifying

3

amendment is cognizable under § 2255." *Burke v. United States*, 152 F.3d 1329, 1331 (11th Cir. 1998). *See, e.g., Jacobs v. United States*, 2016 WL 4183312 at * 1 (S.D. Ga. Aug. 5, 2016); *Knight v. United States*, 2016 WL 4082701 (S.D. Ga. Jul. 29, 2016). *Burke* confirms that § 2255 relief is not available to Demery. In both cases, the movants did not appeal. *Burke*, 152 F.3d at 1331. After sentencing, the Sentencing Commission added a clarifying amendment to the Guidelines, and the petitioners moved under § 2255 to modify their sentences based on the change. *Id.*

Just as in *Burke*, Demery "was afforded the opportunity to" challenge the denial of a minor role adjustment "at his original sentencing and on direct appeal." *Id.* at 1332. He never did.[3] "Considering all of the circumstances, [the Court] cannot say that the alleged misapplication of the sentencing guidelines in this case was fundamentally unfair or that it constituted a miscarriage of justice sufficient to form the basis for collateral relief." *Id.*[4]

---

[3] After he pled guilty to possession with intent to distribute methamphetamine, the Court sentenced Demery to 151 months' consecutive imprisonment. Doc. 293. He never appealed, and nothing in the record reveals an objection to his Guidelines sentence calculation.

[4] Because "§ 2255 is not a substitute for direct appeal," nonconstitutional claims such as clarifying amendments to the Guidelines "can be raised on collateral review only when the alleged error constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the

Movant also contends, without providing specifics, that his counsel was ineffective for failing to "raise the issue of a minor participa[nt] role[5] during sentenc[ing], and request a downward departure." Doc. 357 at 9. As discussed above, however, Demery did not execute his § 2255 motion until over a year after final judgment was entered. *See* docs. 293 (judgment dated February 18, 2015), 357 (movant's motion dated August 19, 2016, seventeen months later); *see also* 28 U.S.C. § 2255(f) (one year statute of limitation). Amendment 794 won't stop the limitations clock for an untimely ineffective assistance of counsel (IAC) claim, and Demery does not otherwise explain the delay, allege that he has been pursuing his rights diligently, or contend that some extraordinary circumstance prevented him from timely filing his motion. Put another way, equitable tolling is not warranted. *See Williams v. United States*, 586 F. App'x

---

rudimentary demands of fair procedure.'" *Burke*, 152 F.3d at 1331 (quoting *Reed v. Farley*, 512 U.S. 339, 348 (1994)).

[5] The Sentencing Guidelines permit a court to decrease a defendant's offense level by four levels if it finds the defendant was a "minimal participant" in the criminal activity, or by two levels if it finds the defendant was a "minor participant" in the criminal activity. U.S.S.G § 3B1.2. A four-level reduction is warranted for "defendants who are plainly among the least culpable of those involved in the conduct of a group," and a two-level reduction is warranted for a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment. (n. 4-5).

576, 576 (11th Cir. 2014). Movant's IAC claim, therefore, is untimely.[6]

Accordingly, Eric LaShawn Demery's § 2255 motion should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

---

[6] Demery's claim also fails on the merits. He provides nothing more than a spurious conclusion that counsel performed deficiently, and fails to even argue that such a motion *could* have been successful because he had played only a minor role "in relation to the relevant conduct attributed to [him] in calculating his base offense level." *United States v. De Varon*, 175 F.3d 930, 941 (11th Cir.1999); *id.* at 944 ("Only if the defendant can establish that [he] played a relatively minor role in the conduct for which [he] has already been held accountable -- *not* a minor role in any larger criminal conspiracy -- should the district court grant a downward adjustment for minor role in the offense."*);* U.S.S.G. § 3B1.2, comment (n. 3(A)) ("This section provides a range of adjustments for a defendants who plays a part in committing the offense that makes him substantially less culpable than the average participant."); *see Diaz-Boyzo v. United States*, 294 F. App'x 558, 560 (11th Cir. 2008) (counsel was not ineffective for failing to pursue a "nonmeritorious issue").

And "conclusory allegations unsupported by specifics" -- like Demery's addition of notable keywords "ineffective assistance of counsel" and "right to adequate representation during sentencing" -- are not enough to establish his right to § 2255 relief, much less the right to an evidentiary hearing on the issues. *Lynn v. United States*, 365 F.3d 1225, 1239 (11th Cir. 2004); *Tejada v. Dugger*, 941 F. 2d 1551, 1559 (11th Cir. 1991); *see also Scott v. United States*, 598 F.2d 392, 393 (5th Cir. 1979) ("[T]he right to a hearing is not established simply by filing a petition under 28 U.S.C. § 2255. When claims for habeas relief are based on unsupported generalizations, a hearing is not required.").

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __17th__ day of February, 2017.

/s/ G.R. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA